**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **JEFFERY WALKER**　　　　　　　　　) <br> ) <br> 　**Plaintiff,**　　　　　　　　　　　　　) <br> ) <br> 　**v.**　　　　　　　　　　　　　　　　　) <br> ) <br> **CAROLYN W. COLVIN**　　　　　　　) <br> ) <br> 　**Acting Commissioner,**　　　　　　　) <br> 　**Social Security Administration**　　　) <br> ) <br> 　**Defendant.**　　　　　　　　　　　　) <br> ) | **Civil Action No. CBD-15-2293** |

## **MEMORANDUM OPINION**

Jeffery Walker ("Plaintiff") brought this action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner denied Plaintiff's claim for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 13) and Commissioner's Motion for Summary Judgment ("Commissioner's Motion") (ECF No. 16). The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby **GRANTS** Plaintiff's Motion, **DENIES** Commissioner's Motion, and **REMANDS** this case for further proceedings in accordance with this opinion.

1

## I. Procedural Background

Plaintiff applied for DIB and SSI on February 3, 2009 and February 17, 2009, respectively, alleging disability beginning on July 1, 2008. R. 19. The claims were denied on May 14, 2009. *Id*. After Plaintiff asked for reconsideration of the denial of benefits, Commissioner again denied Plaintiff's benefits application on October 7, 2009. *Id*. On September 24, 2010, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id*. On October 28, 2011, Plaintiff appeared at a hearing before an ALJ where he amended the alleged onset date of disability to October 12, 2008. *Id*. On February 24, 2012 the ALJ determined that Plaintiff did not qualify for DIB and SSI. R. 25-26. On February 28, 2014 this Court granted Commissioner's Consent Motion to Remand. R. 590. On May 27, 2014 the Appeals Council remanded the case back to an ALJ with instructions to: (1) update the treatment evidence on Plaintiff's medical condition in accordance with 20 C.F.R. 404.1512-1513 and 416.912-913; (2) give further consideration to the treatment records of Potomac Pain and Rehabilitation Associates, LLC; (3) give further consideration to Plaintiff's maximum functional capacity and provide rationale with specific references to evidence of record in support of assessed limitations; (4) give further consideration to past relevant work Plaintiff could perform with the limitations established by the evidence; and (5) if warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base. R. 594-95. At the second hearing before an ALJ, Plaintiff did not pursue the amended alleged onset date (Oct. 12, 2008); therefore, the ALJ considered that Plaintiff alleged disability since July 1, 2008. R. 478.

## II.     Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2015). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. 42 U.S.C. § 405(g) (2015) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). Substantial evidence is "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Id* (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that

finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Court shall find a person legally disabled under Title II and Title XVI if he is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2012). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

Plaintiff has the burden to prove that he is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)).

**III.     Analysis**

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 1, 2008, the alleged onset date. R. 481. At step two, the ALJ determined that Plaintiff had the following severe impairments: cervical post-laminectomy syndrome status post fusion, cervical degenerative disc disease, facet arthrosis, myofascitis and spondylosis, and lumbar degenerative disc disease, radiculopathy, spondylolisthesis, and disc herniations. *Id*. The ALJ found these impairments "cause[d] more than a minimal effect on Plaintiff's ability to perform basic work activities." *Id*. At step three, the ALJ found that Plaintiff's condition did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). *Id*. Between steps three and four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). R. 482. The ALJ included several exceptions to Plaintiff's RFC. *Id*. The limitations were that Plaintiff could: occasionally lift and/or carry twenty pounds and frequently lift and/or carry ten pounds; stand or walk for a total of two hours in an eight hour workday; sit for a total of six hours in an eight hour workday; push or pull as much as he can lift and/or carry; occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; and occasionally balance stoop, kneel, crouch, and crawl. *Id*. At step four, the ALJ determined that Plaintiff's RFC did not affect his ability to do past relevant work as a drafter. R. 486. Therefore, the ALJ determined that Plaintiff was not disabled from July 1, 2008 through the date of his decision. R. 486.

On appeal, Plaintiff argues that the Court should enter judgment as a matter of law in his favor or in the alternative, remand this matter to the Social Security Administration for a new administrative hearing, for the following reasons:

1. The ALJ's step three analysis is contrary to applicable law and is not supported by substantial evidence;

2. The ALJ failed to comply with the Appeals Council Remand Order; and

3. As a result of the failure to comply with the Appeals Council Remand Order, the RFC assessment was not supported by substantial evidence, which affected the ALJ's analysis at step four of the sequential evaluation process.

For the reasons set forth below, the Court accepts Plaintiff's first argument and reverses the ALJ's decision.

**A. The ALJ's step three analysis is not supported by substantial evidence and is contrary to applicable law.**

Plaintiff contends that because the ALJ found radiculopathy at step two, which is defined as nerve root compression, the ALJ's determination at step three is not supported by substantial evidence. Pl.'s Mot. 22. Plaintiff argues that the ALJ did not support his step three analysis with substantial evidence because he summarily dismissed Plaintiff's condition as "mild" without explaining his rationale. Pl.'s Mot. 26. Plaintiff also argues that because there is enough evidence supporting Plaintiff's claim, the ALJ was unable to support his argument with substantial evidence. Pl.'s Mot. 31. Plaintiff asserts that the ALJ failed to provide any meaningful analysis or evidence for his step three determination. *Id.*

Plaintiff further claims that the ALJ failed to apply the law correctly. Pl.'s Mot. 22-34. Plaintiff contends that the ALJ added additional requirements to Listing 1.04A. Pl.'s Mot. 25, 27-28, 30, 32-33. Plaintiff cites *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013) and the SSAR 15-1(4), 2015 WL 5697481 (Sept. 23, 2015) to show that the proper reading of Listing 1.04A is

that the symptoms Plaintiff experiences do not have to be in close proximity. Pl.'s Mot. 24-26, 30-31. Plaintiff also argues that the ability to ambulate effectively is not a requirement under Listing 1.04A because the Social Security Administration ("SSA") issued a ruling that explains why it is not a requirement. Pl.'s Mot. 32. Plaintiff also contends that the ALJ improperly evaluated Listing 1.04A because he evaluated Plaintiff with a range of motion requirement that is not a part of Listing 1.04A. Pl.'s Mot. 27.

Commissioner responds that the ALJ correctly analyzed step three, and had substantial evidence to explain his position that there was no evidence of nerve compression. Comm'r's Mot. 7. Commissioner states that the ALJ had substantial evidence to support his opinion including medical records, Plaintiff's testimony, and third party testimony. *Id.* Commissioner also responds that Plaintiff did not meet Listing 1.04A. Comm'r's Mot. 8-9. Commissioner contends that the ALJ did not make a mistake when discussing requirements not found in Listing 1.04A, and adds that the ALJ's decision considered all of Listing 1.04. Comm'r's Mot. 8, 10. Commissioner argues that Plaintiff does not exhibit nerve compression and based on that fact alone, does not meet the requirements of Listing 1.04A because Plaintiff must meet all of the requirements. Comm'r's Mot. 8. Commissioner does not contest Plaintiff's assertion that the ability to walk is not a requirement under Listing 1.04A. Comm'r's Mot. 8-11. Commissioner also argues that unlike in *Radford*, Plaintiff failed to show any signs of muscle atrophy, significant weakness, sensory loss, or reflex loss which are required under Listing 1.04A. Comm'r's Mot. 11.

Plaintiff replies that Commissioner is going through the same process that the ALJ should have gone through when he evaluated step three, that post-hoc rationalizations cannot be used to support the ALJ's decision, and cites to *Carroll v. Colvin*, Civil No. TMD 14-921, 2015 WL

7

5008738 (D. Md. Aug. 20, 2015) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007)). Pl.'s Reply 2-3. Plaintiff maintains that the ALJ improperly applied the law and that Plaintiff does meet the requirements under Listing 1.04A. Pl.'s Reply 2. Plaintiff argues that the ALJ did not base his findings on substantial evidence and Commissioner is inserting her own views of the evidence for the ALJ. *Id.* Plaintiff also states that the ALJ did not discuss the MRI findings in his decision and did not provide any analysis as to why it would not constitute listing level nerve root compression. Pl.'s Reply 6. Plaintiff maintains that the ALJ failed to explain how long Plaintiff had been experiencing symptoms and this means his decision is not supported by substantial evidence. Pl.'s Reply 9.

At step three of the sequential evaluation process, the ALJ considered Plaintiff's MRI and concluded that it showed "nerve root involvement" but did not show "nerve root compression" as required under Listing 1.04A in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 481. The ALJ determined that Plaintiff did not suffer from "muscle atrophy, significant weakness, significant sensory loss, or reflex loss." *Id.* The ALJ also found that Plaintiff did not exhibit "significant motor loss." *Id.* The ALJ considered other requirements under Listing 1.04 (such as evidence of spinal arachnoiditis under Listing 1.04B and the inability to effectively ambulate under Listing 1.04C) and decided that Plaintiff did not meet those Listings either. *Id.* The ALJ reviewed all of the relevant evidence and determined that Plaintiff did not meet the requirements under Listing 1.04A. *Id.*

Plaintiff argues that since the ALJ found that Plaintiff suffered from radiculopathy at step two, he should meet a Listing at step three because the definition of radiculopathy is nerve root compression. Pl.'s Mot. 22. The Court finds Plaintiff's argument persuasive. As Plaintiff notes, radiculopathy is defined as "compression of the nerve root." Gale Encyclopedia of Medicine

(2008). A claimant meets Listing 1.04A if there is "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.04. At step three, the ALJ determined that Plaintiff did not show signs of "nerve root compression." R. 481. The Court finds that the ALJ improperly decided this issue given that at step two, the ALJ concluded that one of Plaintifff's severe impairments was radiculopathy or nerve root compression.

Plaintiff relies on *Radford* to bolster his argument that under Listing 1.04A, nerve root compression is characterized by four symptoms (neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss, and positive straight-leg raises). Pl.'s Mot. 24-25. Plaintiff then argues that under SSAR 15-1(4), the ALJ should have determined whether the evidence of each element of Listing 1.04A was credible, and whether this evidence showed that Plaintiff's disorder of the spine lasted or was expected to last for twelve (12) months. Pl.'s Mot. 25. The Court finds Plaintiff's argument persuasive. In *Radford*, the Fourth Circuit held that Listing 1.04A requires a claimant to show that each symptom is present, and that he or she has suffered or can be expected to suffer from nerve root compression continuously for twelve (12) months. *Radford*, 734 F.3d at 294. The claimant does not "need to show that each symptom was present precisely the same time" or that "the symptoms were present . . . in particularly close proximity." *Id.*; *see also* SSAR 15-1(4) (explaining how the holding in *Radford* would be applied to claims at all levels of administrative review within the Fourth Circuit). The ALJ ultimately provided an inadequate analysis of Listing 1.04A as it applied to the evidence in this case.

The ALJ highlights that Plaintiff's records did not reflect that he suffered "*significant* weakness [or] *significant* sensory loss." R. 481. (emphasis added)  The ALJ erroneously considered that Plaintiff needed to suffer "significantly" from these ailments to meet Listing 1.04A.  Listing 1.04A does not provide that Plaintiff's weakness or sensory loss needs to be significant.  The Social Security Administration revised the medical criteria for determination of disability in 2001 and eliminatied the word "significant" from the limitation of motion requirement in Listing 1.04A.  *See* Revised Medical Criteria for Determination of Disability, Musculoskeletal System and Related Criteria, 66 Fed. Reg. 58010-01, 2001 WL 1453802, *at 58011 (Nov. 19, 2001).  The agency concluded that the word "significant" was imprecise and decided to simply require "limitation of motion."  *Id.*  In this case, the ALJ stated that Plaintiff's limitation of motion was on "the milder side or within functional limits." R. 481-82.  Plaintiff cites to *Kastner v. Astrue*, 697 F. 3d 642 (7th Cir. 2012), which is not binding on this Court, but it is persuasive.  In *Kastner*, the court held that any limitation of motion – whether it be from pain or an actual inability to bend – counts as a functional limitation of motion. *Kastner*, 697 F. 3d at 649.  The Court finds that the ALJ improperly concluded that since Plaintiff's functional limitation was on the "milder side," he did not meet Listing 1.04A.

### B. The ALJ did comply with the Appeals Council Remand Order.

Plaintiff argues that the ALJ did not comply with the remand order because he again failed to consider and accurately summarize Plaintiff's medical records, failed to give appropriate weight and explain the weight given to the medical opinions, and failed to properly consider evidence contrary to Plaintiff's ability to perform skilled work. Pl.'s Mot. 35-46.  Commissioner responds that the ALJ complied with the remand order because he addressed the evidence from Potomac Pain and Rehabilitation Associates, LLC, gave the proper weight to the

medical opinions, and corrected his previous assessment of Plaintiff's RFC. Comm'r's Mot. 11-15.

The Court finds that the ALJ properly complied with the remand order. The ALJ gave further consideration to the treatment records of Potomac Pain and Rehabilitation Associates, LLC and Plaintiff's maximum functional capacity, re-examined if Plaintiff could do past relevant work, and obtained supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base. The ALJ then used the relevant evidence to support his conclusion. The ALJ does not need to discuss every piece of evidence that is part of the record but must consider the record as a whole. *See Dunn v. Comm'r, Soc. Sec. Admin.*, No. SAG-11-2217, 2013 WL 822383, at *2 (D. Md. Mar. 4, 2013) ("The ALJ is charged with considering all of the evidence and then setting forth the evidence used to support her opinion."). The ALJ "need not reiterate pieces of evidence in their entirety." *Id.* Here, it is clear that the ALJ considered all of the evidence and cited to many of the important treatment notes.

The ALJ assigned the proper weight to the opinions of the physicians. "If a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996); *see also Dunn*, 2013 WL 822383, at *4 (citing *Forsyth v. Astrue*, No. CBD092776, 2011 WL 691581, at *4 (D. Md. Feb.18, 2011)). In this case, the ALJ determined that the weight he would give to the opinions of Dr. Daniel Ignacio and Dr. Fadil Yunis, Plaintiff's treating physicians, would be "some but not great weight." R. 484-85. The ALJ then explained why he was only giving the opinions of the treating physicians some weight. The ALJ assigned Dr. Yunis's opinion some weight because he contradicted himself when he stated that Plaintiff has marked limitation when only six months prior he opined that Plaintiff's condition

was mild. *Id*. The ALJ gave Dr. Ignacio's opinion less weight because his findings of less than sedentary work contradicted his findings that Plaintiff's pain was tolerable with medication. *Id*. The ALJ also gave the proper weight to the opinions of the state agency medical consultants because their findings were consistent with all of the evidence. *Id*. Plaintiff argues that the ALJ placed too much weight on the opinions of the non-treating physicians and this was inappropriate because they were not able to evaluate him after his MRI. This does not render the opinions of these physicians invalid. The ALJ must examine the opinion in light of the medical evidence that was available at the time the opinion was made and make sure it is consistent with the other evidence on the record.

Plaintiff cites to *Smith* to explain that "a non-examining physician's opinion cannot, by itself, serve as substantial evidence supporting a denial of disability benefits when it is contradicted by *all of the other evidence* in the record." *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (citations omitted) (emphasis in original). In this case, there are two state agency medical consultants who determined that Plaintiff did not meet a Listing; therefore there is other evidence in the record that Plaintiff did not have a disability. Plaintiff also cites to *Smith* to assert that the opinions of non-examining medical sources cannot constitute substantial evidence when that source is not provided with a detailed description of Plaintiff's limitations by an examining source. Pl.'s Mot. 44. In this case, the ALJ assigned the opinions of the state agency medical consultants, Dr. P.H. Moore and Dr. A.R. Totoonchie, great weight and the opinion of the treating physicians, Dr. Yunis and Dr. Ignacio, less weight. R. 485-86. The ALJ determined that the treating physician's testimony was not credible but did not exclude all of their testimony. Specifically, the ALJ determined that Plaintiff's RFC was lower than what the state agency medical consultants opined after reviewing the medical record (including the treating physicians'

recommendations). R. 486. This meets the requirements under *Smith* because the ALJ is not solely relying on the state agency medical consultants who have only looked at the record. The ALJ further limited the Plaintiff's RFC because of the medical evidence received after the state agency medical consultants examined Plaintiff. R. 486.

The ALJ properly considered the evidence from Plaintiff's treating physicians showing that Plaintiff was not able to perform skilled work. The ALJ discussed why he did not include some of the treating physician's opinions, for example when doctors contradicted themselves.

As a result of the Court's previous determination that the ALJ's step three analysis is not supported by substantial evidence and is contrary to applicable law, the Court will not address Plaintiff's remaining arguments: whether the ALJ properly assessed Plaintiff's RFC, and whether the ALJ properly determined step four of the sequential evaluation process.

## IV. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion, **DENIES** Commissioner's Motion, and **REMANDS** this case for further proceedings in accordance with this opinion.

July 15, 2016
/s/
Charles B. Day
United States Magistrate Judge

CBD/yv/kw